An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

AA PRIMO BUILDERS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
BERTRAL WASHINGTON, AN
INDIVIDUAL; AND CHERI
WASHINGTON, AN INDIVIDUAL,
Respondents.

No. 65804

**FILED**

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

AA PRIMO BUILDERS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
BERTRAL WASHINGTON, AN
INDIVIDUAL; AND CHERI
WASHINGTON, AN INDIVIDUAL,
Respondents.

No. 66485

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment as a matter of law in a construction contract action and a post-judgment award of attorney fees. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

The district court awarded judgment as a matter of law in favor of respondents, finding that appellant did not hold the proper license to enter into the contract in question, and that the contract was therefore void ab initio pursuant to NRS 624.700 and NAC 624.640. Appellant timely appealed. Our review is de novo. *Kay v. Nunez*, 122 Nev. 1100, 1104, 146 P.3d 801, 804 (2006) ("Statutory construction is a question of law, which this court reviews de novo.").

 

15-36026

On appeal, appellant argues that the district court's judgment should be reversed because NRS 624.700 only applies to cases where the bidding party entirely lacks a Nevada contractor's license. We disagree.

This court gives words in a statute their plain meaning unless doing so would be contrary to the spirit of the statute. *Berkson v. LePome*, 126 Nev. 492, 497, 245 P.3d 560, 563 (2010). In relevant part, NRS 624.700 provides:

> 1. It is unlawful for any person or combination of persons to:
>
> > (a) Engage in the business or act in the capacity of a contractor within this State; or
> >
> > (b) Submit a bid on a job situated within this State,
>
> without having an active license therefor as provided in this chapter, unless that person or combination of persons is exempted from licensure pursuant to NRS 624.031.
>
> . . .
>
> 4. If a person submits a bid or enters into a contract in violation of subsection 1, the bid or contract shall be deemed void ab initio.

NRS 624.700(1), (4). Thus, the statute renders a contract void if the bidding party submitted that bid "without having an active license therefor." NRS 624.700(1). Nevada's Administrative Code provides further clarification. Pursuant to NRS 624.100, the Nevada State Contractors Board may "make such reasonable bylaws, rules of procedure and regulations as are necessary to carry out the provisions of [NRS Chapter 624]." NRS 624.100(1). NAC 624.640, which the Board issued under the authority of NRS 624.100, states plainly: "If a licensee bids or

contracts outside the scope of his or her license or exceeds the monetary limit placed on the license, the bid or contract is void." NAC 624.640(1).

Properly interpreted, NRS 624.700, by its plain meaning and as informed by NAC 624.640, renders a contract void ab initio where a contractor acts in excess of its license. As correctly noted by the district court, the statute requires that the bidding contractor be properly licensed for the bid job. Here, appellant bid on a job that exceeded the limit on its license, which makes the contract[1] void ab initio. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[1]We note that according to appellant, the parties stipulated to the existence of a valid contract. However, in many of the instances to which appellant cites, it was the attorney for appellant who characterized the document as a "contract." In other instances where respondents used the term "contract," the record demonstrates that the term primarily was used in reference to the physical document detailing the specifications of the job in question, rather than as an admission precluding their argument that the contract was void. Regardless, appellant held a C-3 (Carpentry) license that limited the value of any contract into which it entered to $100,000.

[2]We have considered appellant's other arguments, including those concerning the attorney fees award, and conclude that they lack merit.

cc: Hon. Jessie Elizabeth Walsh, District Judge
Stephen E. Haberfeld, Settlement Judge
Pintar Albiston LLP
Parker, Nelson & Associates
Eighth District Court Clerk